ALTENBERND, Judge,
dissenting.
Marie T. Peters appeals a final judgment of dissolution and challenges the trial court’s interpretation of the parties’ prenuptial agreement. The trial court found that Mr. Peters could keep, as nonmarital property, a four-acre parcel of land in Citrus County that he had purchased prior to the marriage. In addition, the trial court found that Mr. Peters could retain all assets in his 401(k) plan at Honeywell.
Although the prenuptial agreement between the parties is valid, I do not agree that it bars Mrs. Peters’ request for equitable distribution of these two assets. First, Mr. Peters did list in the agreement certain property in Citrus County as his non marital property. It appears undisputed, however, that marital assets were used to pay off the mortgage on that property after Mr. Peters agreed in the prenuptial agreement to be “individually responsible for ... antenuptial debts.” Admittedly, the mortgage payment is only $6,300. Nevertheless, I conclude that Mrs. Peters is entitled to equitable distribution of half of the loan payment.
More important, in their 1982 agreement, Mr. Peters listed as nonmarital assets: “interest, both vested and nonvested, in Honeywell Retirement Savings Plan and Honeywell Retirement Plan,” and “Retirement Savings Plan contributions in the sum of $8,000.00.” The trial court declared that all of Mr. Peters’ 401(k) plan at Honeywell in 1996 was a nonmarital asset. The vested portion of the retirement savings plan had a value less than $3,000 in 1982, and the 401(k) plan had a value of approximately $140,000 in 1996.
If the agreement had expressly listed future contributions by the employer and employee to the plan as a nonmarital asset, and, assuming such an agreement is permissible under federal law, I would concur with the majority. In this case, however, Mr. Peters is clearly arranging for voluntary payments of marital income into his retire ment account. I question the wisdom of a public policy that allows a prenuptial agree ment to waive a spouse’s right to future contributions of marital income to a tax-deferred retirement plan. This agreement did not expressly give Mr. Peters the future contributions as nonmarital property, and I would construe the agreement in favor of each party’s future retirement rights.